## JORDAN *vs.* JORDAN.

[HAWKINS, Justice, having been of counsel did not preside in this case ]

1. The verdict in this case was contrary to the evidence.
2. The plaintiff sued the defendant for $400.00. It appeared on the trial that defendant had agreed to give plaintiff $1,000.00 to superintend certain planting interests, and was to pay an assistant to him $400.00; if the defendant did not employ the assistant, plaintiff was to do so. Whether this employment was absolutely agreed on, or whether the assistant was to be employed if necessary, the evidence was conflicting. Plaintiff was paid $1,000.00, No assistant was employed. Plaintiff sued for the $400.00. There was nothing to show that he had any interest in it. The court charged that if the plaintiff was to have no interest in the assistant's wages, whether employed or not, his contract would be legally for only $1,000.00. The jury found for plaintiff:

*Held*, that the verdict was contrary to the charge and contrary to law. If defendant was liable to plaintiff at all, it would be, not for the $400.00, but for the amount of damages sustained by his failure to comply with the contract.

New trial.   Verdict.   Contracts.   Before Judge SPEER. Bibb Superior Court.   October Term, 1879.

Reported in the decision.

BLOUNT & HARDEMAN; HILL & HARRIS, for plaintiff in error.

LANIER & ANDERSON, for defendant.

CRAWFORD, Justice.

S. T. Jordan sued L. A. Jordan to recover a balance of $400.00, which he claimed to be due him for services in 1874, as superintendent over two of his plantations.   The contract, as claimed by the plaintiff, was that he was to superintend the Fowl Town and Hill places, he was to have an assistant whom he was to employ, and upon his failure so to do then the defendant was to employ one. The stipulated price for the services of these two persons was $1,400.00, $1,000.00 for the plaintiff and $400.00 for the assistant.   This contract was changed by mutual consent, by substituting the Keaton for the Fowl Town place, but not otherwise.   After this change the plaintiff took charge of the places and superintended them for the year, but no assistant was employed by either of the parties. At the end of the year the defendant paid the plaintiff $1,000.00, and took his receipt for that amount.

The defendant claimed that an assistant was only to be employed *if necessary*, and that was before the substitution of the Keaton for the Fowl Town place, and when the change was made for the smaller places, all necessity for an assistant was dispensed with by the consent of the plaintiff, though he was still to have his same wages, which were only one thousand dollars.

Upon these opposing theories the case was tried, the jury returned a verdict for the plaintiff, the defendant moved for a new trial, which was refused, and he excepted. His grounds of exception are several, but those upon which he principally relies are that the verdict is contrary to law, and contrary to evidence, and furthermore, that the jury found contrary to that part of the charge of the court wherein he instructed them as follows: "If you believe the contract was that plaintiff was to superintend, with aid of an assistant, the two farms for $1,400.00, of which sum $400.00 was to be paid to the assistant and no assistant was employed, and that plaintiff was to have no interest in the wages of the assistant, whether employed or not, then the contract of plaintiff would be legally only $1,000.00, and you should so find."

1. As to the evidence. The plaintiff testified: "If I furnished the assistant I was to get $1,400.00, if he furnished one I was to get $1,000.00. Col. Jordan preferred that I should hire the assistant. He was to be paid $400.00 out of $1,400.00. That was my understanding of the contract. * * * This arrangement was made at the state fair here, in 1873. * * * I asked if in the change of places there would be any change in my salary, and he said there would be no change."

The testimony of the defendant was like that of plaintiff in reference to the assistant, except he said that *if it were necessary* to have an assistant, etc., then he was to be employed. Touching the change of the places and contract, the defendant testifies that he said to the plaintiff: "As you could not get the assistant for the large plantation, I thought I would put you on the smaller places, which would obviate the necessity of having one, the business being lighter, and you still get your thousand dollars, and he consented to the arrangement."

Savage, another witness for defendant, testified: "Plaintiff told me that he was to have gotten $1,000.00 for superintending the Fowl Town and Hill places, Jordan to

furnish a striker on the Hill place at $400.00, that this arrangement was changed, but he was to get his same wages for supervising the Hill and Keaton places."

Flournoy testifies: " I distinctly remember hearing plaintiff agree, in December, 1873, to take the Hill and Keaton places at what he would have attended to the Fowl Town and Hill places for if he had succeeded in getting an assistant, but as he had not, he agreed to take the Hill and Keaton places for the sum agreed on."

The plaintiff in rebuttal testified: " Col. Jordan proposed the change; if agreeable to me I was to live on the Hill place and my assistant on the Keaton place; I accepted it with the understanding that I was to have an assistant, and there was to be no change in my wages. That is my version of the contract."

We think that the foregoing synopsis of the testimony will show that there is not enough to support the verdict. The plaintiff does not by his own statement swear positively to the first or second agreement, but after going over what he calls the first arrangement, he does not swear that that was the *contract*, but that was his *understanding* of it, evidently, as it appears to us, hesitating, confronted as he was by the defendant and his witnesses. When *a plaintiff* comes into court suing on a contract, being a party thereto, he ought to *know* exactly what it was, and should not come saying I *thought* it was so, or I *understood* it that way; this might be done by third parties, but not by those of the first and second parts.

Again, in testifying as to the second arrangement, he proceeds to state it, and in the same doubtful and unsatisfactory manner says, " *that is my version of the contract.*"

The defendant, Jordan, and his witnesses, testify positively as to what the contract was, and by their testimony the plaintiff has a verdict for $400.00, to which sum he is not entitled. Still we would not have disturbed the verdict, although there were three witnesses testifying against the plaintiff, if he had not qualified his testimony

so as to impress us that he was not willing to swear without the qualification.

2. According to the view which we have of this case, under the testimony, the finding of the jury was against the charge of the court as above set out. It was not claimed that the plaintiff was to have any interest in the wages of the assistant, whether employed or not, and therefore the verdict was against the evidence, because it was undoubtedly given upon the ground that that was the contract, and, not being sustained by the evidence, was contrary to law as well as contrary to the charge of the court.

Other questions arose on the trial as to the value of the services between the first and the modified contract. The views which appear to have governed the case are not in harmony with our own. We hold that where a special contract is proven both parties are to be held to it. So that in this case, if there were a special contract, such as claimed by the plaintiff, that he was to have an assistant, and Jordan failed to furnish one, after having agreed to do so, then it does not follow that the plaintiff would be entitled to the wages that the assistant was to have gotten. He could recover only the damages he sustained by reason of the failure of the defendant to comply with his contract, the measure of which could not exceed the fourteen hundred dollars. Upon the other hand, if the special contract was as claimed by the defendant, then there could be no recovery at all.

Judgment reversed.